**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| EQ OKLAHOMA, INC., )<br>)<br>       Plaintiff, )<br>)<br>v. )<br>)<br>A CLEAN ENVIRONMENT )<br>COMPANY, et al. )<br>)<br>       Defendants. ) | Case No. 11-CV-510-GKF-PJC |

## OPINION AND ORDER

Before the Court is the Motion for Protective Order filed by Plaintiff, EQ Oklahoma, Inc. ("EQ"). [Dkt. # 40]. Defendant, A Clean Environment Co., ("ACE") does not dispute the appropriateness of a protective order, but desires an "Attorneys' Eyes Only" provision. For the reasons set forth below, the motion is GRANTED. The protective order will be entered separately.

### *Background*

In the present case, EQ brought contract and fraud-based claims against ACE arising out of the sale of a waste treatment, storage, and disposal facility located in Tulsa, Oklahoma. The parties agree that a protective order is necessary, but EQ objects to ACE's proposal for an "Attorneys' Eyes Only" provision. ACE vaguely asserted that it has "sensitive trade material" that needs this additional protection, but subsequently argued only that financial information needed such a provision. [Dkt. #50].

### *Applicable Legal Standard*

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to obtain information concerning "any nonprivleged matter that is relevant to any party's claim or

defense." Rule 26(c)(1) provides that upon a showing of good cause, the court "may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This may include protection of trade secret, or other confidential research, development, or commercial information. Fed. R. Civ. P. 26(c)(1)(G). The moving party bears the burden of demonstrating "good cause" and requires a particular and specific demonstration of fact as distinguished from conclusory or stereotyped statements. *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973); *Samson Resources Co. v. J. Aron & Co.*, 2009 WL 1606564, *1 (N.D. Okla. June 8, 1999). However, the "good cause" standard of Rule 26(c) is "highly flexible, having been designed to accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (quotation and citation omitted). Trial courts have broad discretion in managing discovery matters and are subject to review only for abuse of discretion. *WN Petroleum Corp. v. OK-Tex Oil & Gas Inc.*, 998 F.2d 853, 858 (10th Cir. 1993); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (trial courts have broad discretion in deciding when to issue a protective order and in deciding the appropriate degree of protection).

## *Discussion*

ACE set forth various factual assertions in opposition to EQ's proposed order, but provided ***no*** evidentiary support to this Court. Nor did ACE articulate any legal argument and cited to ***no*** legal support for its position. This "suggests either that there is no authority [or evidence] to sustain [ACE's] position or that [ACE] expects the court to do its research." *Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*, 435 F.2d 850, 852 (10th Cir. 1970).

An "Attorneys' Eyes Only" provision is sometimes appropriate where there is a danger of proprietary and highly confidential information being disclosed to and used by a competitor. *See*

*Covelo Clothing, Inc. v. Atlandia Imports, Inc.*, 2007 WL 4287731, * 1 (D. Colo. Dec. 5, 2007) (unpublished) ("confidential information that may be used against the company by a direct competitor is generally afforded more protection").  However, ACE has provided this Court with no insight whatsoever into what proprietary or confidential information it believes could be used by EQ to ACE's detriment.  To establish good cause under Rule 26(c)(1)(H), ACE must first demonstrate that the information sought constitutes a trade secret, or other confidential research, development, or commercial information, and then demonstrate that its disclosure might be harmful.  *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981).  ACE has done neither.  In fact, all ACE has done is alleged that "sensitive trade material" should not be disclosed because of "potential injury."  [Dkt. #50, p. 1-2].  Other than a generic and broad reference to financial information, ACE has not identified what "sensitive trade material," if any, exists, or what the "potential injury" could be.  ACE's mere conclusory and stereotyped statements do not satisfy ACE's burden under Rule 26. *Samson Resources*, 2009 WL 1606564 (requiring a particular and specific demonstration of fact).

For these reasons, EQ's Motion for Protective Order is GRANTED, without an "Attorneys' Eyes Only" provision.  The protective order will be entered separately.

**IT IS SO ORDERED** THIS 7TH DAY OF NOVEMBER, 2012.

_____
Paul J. Cleary
United States Magistrate Judge

3